United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued January 10, 2002 Decided June 14, 2002 

 No. 01-5010

 Christine A. Lozowski, 
 Appellee

 v.

 Norman Y. Mineta, Secretary of Transportation, 
 Appellant

 Appeal from the United States District Court 
 for the District of Columbia 
 (No. 98cv00922)

 Fred E. Haynes, Assistant U.S. Attorney, argued the cause 
for appellant. With him on the briefs were Roscoe C. How-
ard, Jr., U.S. Attorney, R. Craig Lawrence, Assistant U.S. 
Attorney, and Dale C. Andrews, Deputy Assistant General 
Counsel, U.S. Department of Transportation.

 Eugene R. Fidell argued the cause and filed the brief for 
appellee.

 Before: Ginsburg, Chief Judge, and Randolph and Tatel, 
Circuit Judges.

 Opinion for the Court filed by Chief Judge Ginsburg.

 Ginsburg, Chief Judge: An officer of the Coast Guard 
claims that the service treated her unjustly and discriminated 
against her based upon her gender when it assigned her to a 
ship in Key West, Florida. The Secretary of Transportation, 
to whom the officer applied for a correction of her military 
record, disagreed. The district court found the decision of 
the Secretary to be arbitrary and capricious, and the Secre-
tary appealed. Finding the Secretary's decision reasonable 
and supported by substantial evidence, we reverse the judg-
ment of the district court.

 I. Background

 In early 1995 Christine Lozowski, then a Chief Petty 
Officer stationed in Washington, D.C., applied and was select-
ed to be promoted to Chief Warrant Officer (CWO). She was 
not immediately assigned to a CWO position, however. In-
stead she was placed on the warrant officer selection list, 
from which individuals were promoted sequentially as posi-
tions came open. In late summer 1995, the Coast Guard 
sought to fill two CWO vacancies that would arise in early 
1996. The first vacancy was aboard the Seneca, a cutter 
based out of Boston. For this slot, the Coast Guard pre-
ferred a "Finance and Supply" CWO with a "storekeeper 
background." The second vacancy was in Ketchikan, Alaska. 
Lozowski, who had a storekeeper background, was second on 
the warrant officer selection list at the time the assignments 
were to be made. She preferred to be assigned to Coast 
Guard headquarters in D.C. or to Yorktown or Portsmouth, 
Virginia, whereas her least desired locations were Alaska and 
California. The first person on the selection list was Mark 
Cornejo, who was serving in Alaska (his most desired service 
area) and had a food service background. The situation can 
be summarized as follows:

_____________________________________________________________________________
 Available CWO Openings 
______________________________________________________________________________
 Cornejo: first on list, food The Seneca: starting Feb. 1,
service background, prefers 1996, in Boston, storekeeper
Alaska; presently in Alaska. background preferred. 
______________________________________________________________________________
Lozowski: second on list, Ketchikan: starting April 1,
storekeeper background, 1996, in Alaska
prefers D.C. or VA, last 
choice Alaska or CA; pres-
ently in D.C. . 
______________________________________________________________________________
 The assignment officer in charge of filling these openings 
was CWO Gray. At first Gray wanted to assign Lozowski to 
the Seneca and Cornejo to Ketchikan where he would for 
several months be "double-billeted," that is, would overlap 
with the officer he was replacing. The arrangement would 
keep Cornejo in Alaska, prevent Lozowski from having to go 
to Alaska -- in accord with the wishes of each -- and assign a 
CWO with a storekeeper background to the Seneca. Gray 
soon found out, however, that the Seneca did not have 
berthing space for a woman. Gray knew that CWO Rich, a 
male CWO with a storekeeper background assigned to the 
Thetis out of Key West, wanted to transfer to New England 
to be near his family and was willing to pay his own moving 
expenses. Gray called the Executive Officer of the Thetis 
and learned that the ship had berthing space for a woman. 
(There is also evidence that Gray thought the Thetis "needed" 
a woman officer.) The information relevant at this point can 
be summarized as follows:
______________________________________________________________________________
 Available CWO Openings 
______________________________________________________________________________
 Cornejo: first on list, a man, The Seneca: starting Feb. 1, 
food service background, 1996, in Boston, storekeeper 
prefers Alaska; presently in background preferred, no 
Alaska. berthing for a woman. 
_____________________________________________________________________________
Lozowski: second on list, a Ketchikan: starting April 1, 
woman, storekeeper back- 1996, in Alaska.
ground, prefers D.C. or VA, 
last choice Alaska or CA; 
presently in D.C. 
______________________________________________________________________________
Rich: a man, storekeeper The Thetis: in Key West, 
background, wants to be in berthing for a woman avail-

New England; presently on able.
the Thetis in Key West. 
______________________________________________________________________________
 Facing this situation, Gray proposed that the Coast Guard 
assign Cornejo to Alaska, Rich to the Seneca, and Lozowski 
to the Thetis. The plan was approved by Gray's superiors 
and the parties were notified. Cornejo said he would accept 
the Alaska assignment but Lozowski asked to be assigned to 
somewhere in the D.C. area. She expressed concern that if 
she moved from D.C. she would be forced to sell her home at 
a loss. Gray said he could not give her an assignment in the 
D.C. area because it would require double-billeting. Lozow-
ski then declined the assignment to the Thetis and therefore 
lost her chance at a promotion to CWO. Rich was notified 
that he would not be transferred to the Seneca and the 
Seneca position was filled by CWO Smith, who was the next 
in line behind Lozowski and had a background in food service.

 In 1997 Lozowski applied to the Department of Transporta-
tion Board for Correction of Military Records for a retroac-
tive promotion pursuant to 10 U.S.C. s 1552(a)(1). That 
statute authorizes the Secretary of Transportation, "acting 
through boards of civilians," to "correct any military record of 
the Secretary's department when the Secretary considers it 
necessary to correct an error or remove an injustice." Pursu-
ant to 33 C.F.R. s 52.64(b), the decision of the Board serves 
as the decision of the Secretary only if the Board is unani-
mous. If the Board is divided, then the Secretary or his 
delegate has the final word.

 Lozowski claimed that the Coast Guard both assigned her 
"out of sequence" and disregarded Article 4.A.7.a.3 of the 
Coast Guard Personnel Manual, which provides that "women 
will not arbitrarily be denied an assignment solely because of 
lack of a second woman." The latter claim was based upon 
Lozowski's belief that she was assigned to the Thetis because 
the Coast Guard planned to assign a female ensign to that 
ship and wanted to avoid having only one woman on board. 
The Board unanimously denied Lozowski's application. Ap-
plication for Correction of Coast Guard Record of: Christine 

A. Lozowski, B.C.M.R. Doc. No. 114-97 at 7 (April 9, 1998) 
(First Bd. Dec.).

 Lozowski then petitioned for review in the district court, 
which remanded the matter to the Board on the grounds that 
it had erred procedurally and had failed to address two 
arguments the court thought Lozowski had raised. Lozowski 
v. Slater, No. 98-0922 at 8-13 (D.D.C. 1999) (Lozowski I). 
On remand two members of the Board would have upheld 
Lozowski's claim; they concluded that although the Coast 
Guard had not discriminated against her on the basis of her 
gender, it had been "unfair" in treating Cornejo and Rich 
more favorably than it had treated her. Application for 
Correction of Coast Guard Record of: Christine A. Lozowski, 
B.C.M.R. Doc. No. 2000-008 at 22 (Nov. 18, 1999) (Second Bd. 
Dec.). Because the Board's decision was not unanimous, 
however, the matter was forwarded to the Secretary for 
"approval, disapproval, or return for further consideration." 
33 C.F.R. s 52.64(b). The Secretary's delegate, the Deputy 
General Counsel (DGC) of the Coast Guard, ruled against 
Lozowski.

 The DGC concluded that the Coast Guard committed no 
error or injustice in assigning Lozowski to the Thetis, Appli-
cation for Correction of Coast Guard Record of: Christine A. 
Lozowski, Dec. of the Dep. Gen. Counsel, B.C.M.R. Doc. No. 
2000-008 at 10 (Dec. 6, 1999) (DGC Dec.); Lozowski could not 
have been assigned to the Seneca because there was no 
berthing space for a woman on board, id. at 7. Further, she 
held, it was permissible under the applicable regulations to 
assign Cornejo to Alaska even though the Seneca was first on 
the list of openings, and to fill the opening on the Seneca with 
CWO Rich from the Thetis. Id. at 5. Finally, the DGC 
determined that there had been no gender discrimination and 
that

 the basis for any difference in treatment was not gender, 
 but the fact that the perceived preferences expressed by 
 the two male officers generally paralleled Coast Guard 
 needs, while the preferences [Lozowski] expressed did 
 not....
 
Id. at 9. The DGC did acknowledge, however, that the 
assignment officer, Gray, "has not denied stating that the 
applicant was receiving orders to the Thetis because she was 
a female and the Thetis needed a female." Id.

 After the DGC's decision, upon renewed cross-motions the 
district court granted summary judgment for Lozowski and, 
instead of remanding the matter to the Secretary, purported 
to appoint her a CWO retroactive to January 1, 1996. Lozow-
ski v. Slater, No. 98-0922 at 13 (D.D.C. 2000) (Lozowski II). 
The court held that the DGC's decision was arbitrary and 
capricious because it failed adequately to address two non-
frivolous arguments the majority of the Board had accepted: 
that (1) the Coast Guard had not shown the relevant assign-
ments best satisfied the needs of the service; and (2) the 
Coast Guard committed an injustice because it was willing to 
double-billet Cornejo in Alaska but unwilling to double-billet 
Lozowski in D.C. Id. at 9-12. The Secretary of Transporta-
tion now appeals.

 II. Analysis

 Because the district court entered a summary judgment, 
we review its decision de novo and therefore, in effect, review 
directly the decision of the Secretary. See Frizelle v. Slater, 
111 F.3d 172, 176 (D.C. Cir. 1997). Under the APA we must 
uphold the Secretary's decision unless it is "arbitrary, capri-
cious, an abuse of discretion, [ ] otherwise not in accordance 
with law," or "unsupported by substantial evidence." 5 
U.S.C. s 706. This test requires that the Secretary's decision 
contain a "rational connection between the facts found and 
the choice made." Motor Vehicles Mfrs. Ass'n. v. State 
Farm, 463 U.S. 29, 43 (1983).

A. The Decision of the District Court

 Although we review the decision of the Secretary directly, 
as though the district court had not weighed in, a due regard 
for the opinion of that court leads us to point out where and 
why we disagree with its analysis. According to the district 
court the DGC failed to explain why: (1) the needs of the 
Coast Guard were best satisfied by the assignment of Lozow-

ski to the Thetis, Cornejo to Alaska, and Rich to the Seneca; 
and (2) the Coast Guard was willing to double-billet Cornejo 
in Alaska but unwilling to double-billet Lozowski in D.C. 
Lozowski II, No. 98-0922 at 9-12. Lozowski feints in the 
direction of defending the opinion of the district court but 
devotes most of her efforts to developing alternative grounds 
upon which to uphold that court's judgment in her favor. We 
begin with the arguments embraced by the district court.

 1. Service needs
 
 The district court held that the DGC did not adequately 
explain "why the Coast Guard's service needs were best 
satisfied" by the various assignments contemporaneous with 
and including that of Lozowski. Id. at 9. Specifically, the 
district court thought the Coast Guard had failed to explain 
why Cornejo, who was first on the promotion list, was not 
assigned to the Seneca, and had failed to show that Rich, who 
was assigned to the Seneca, was "the best person for the job." 
Id. at 10. The Secretary maintains that the DGC adequately 
explained why the needs of the Coast Guard were furthered 
by sending Rich to the Seneca and Cornejo to Alaska and 
that she did not need to show that Rich was the best person 
for the job on the Seneca. We agree.

 The Secretary is authorized to correct errors and injus-
tices, see 10 U.S.C. s 1552, not to ensure that every assign-
ment best serves the needs of the Coast Guard. Thus, the 
relevant question is whether the DGC reasonably concluded 
that the assignment of Lozowski was neither erroneous nor 
unjust. Indeed, Lozowski agrees with the Secretary that the 
DGC had no obligation to show that Rich "was literally the 
best person for the job" on the Seneca but rather needed to 
show only that the assignments "serve[d] the needs of the 
service." The DGC clearly met this lower standard. Consid-
er: There was an opening in Alaska, Cornejo wanted it, 
Lozowski did not, and Cornejo was already in Alaska so 
moving him would be inexpensive. See DGC Dec. at 6. The 
Seneca needed a CWO but could not accommodate a woman. 
See id. at 6-7. Rich agreed to transfer to the Seneca at no 
cost to the Coast Guard, thereby opening up his slot on the 

Thetis. See id. at 6. In these circumstances, the decision to 
assign Lozowski to the Thetis seems perfectly reasonable as a 
way of meeting the needs of the service.

 2. Double-billeting
 
 The district court also questioned the DGC's explanation 
why the Coast Guard was willing to double-billet Cornejo but 
not Lozowski. Lozowski II, No. 98-0922 at 10-12. The DGC 
explained that there was no "downside" to double-billeting 
Cornejo in Alaska while there were two "downsides" to 
double-billeting Lozowski in D.C.: (1) the Coast Guard would 
be allowing Lozowski to avoid an assignment due to a de-
pressed housing market; and (2) the Coast Guard would have 
to fill the position on the Seneca with CWO Smith, the next 
person on the list, who unlike Lozowski and Rich, did not 
have the desired storekeeper background. DGC Dec. at 9.

 We think the DGC's explanation, though cursory, is ade-
quate. The district court appears to have accepted that 
Lozowski's desire to avoid a loss on the sale of her home was 
an "invalid" reason to double-billet her in D.C. Lozowski II, 
No. 98-0922 at 11. We agree; the Coast Guard could reason-
ably conclude that accepting this reason would open itself to 
numerous similar requests whenever and wherever the hous-
ing market is depressed, making it difficult to fill many 
assignments.

 The district court explained its disagreement with the DGC 
as follows: "It makes little sense to deem that a prior 
preference [namely, Lozowski's preference to stay in D.C. for 
unstated reasons] cannot be accommodated because a new, 
invalid, reason for sustaining the preference [Lozowski's de-
sire to avoid selling her home at a loss] arose subsequently." 
Id. The DGC, however, did not say that Lozowski's subse-
quent preference in any way diminished the validity of her 
prior preference. Instead, the DGC held that the decision to 
assign Lozowski to the Thetis in spite of her preference for 
staying in D.C. (at that time for no stated reason) was 
reasonable, see DGC Dec. at 8, and that Lozowski's subse-
quent reason for wanting to remain in D.C. -- to avoid losing 

money upon the sale of her home -- did nothing to alter that 
balance, see id. at 9.

 In any event, it is apparent to us that the decision to 
double-billet Cornejo but not Lozowski was a reasonable one. 
Assigning Cornejo to Alaska meant Lozowski did not have to 
be transferred there, her least preferred location. The DGC 
in her decision noted Lozowski's desire not to go to Alaska, 
id. at 7, and Gray had said that this was one reason he 
thought Lozowski was well-suited for the Seneca. Thus, 
double-billeting Cornejo enabled the Coast Guard to accom-
modate both his preference and Lozowski's, while double-
billeting Lozowski would have accommodated only her prefer-
ence.

 Similarly, the Coast Guard's desire to assign Lozowski to 
either the Seneca or the Thetis because she had a storekeep-
er background was a reasonable ground for not double-
billeting her in D.C. The district court's reasoning -- that 
the subsequent assignment to the Seneca of Smith, who had a 
food service background, shows that Lozowski's storekeeper 
background played no role in Gray's initial decision to assign 
Cornejo to Alaska and Lozowski to the Seneca -- is not 
persuasive. See Lozowski II, No. 98-0922 at 12. Because a 
CWO's background is merely one factor in an assignment 
decision, the assignment of a CWO with one kind of back-
ground does not mean that a different kind of background 
was not preferred. Consequently, we conclude that both the 
DGC's explanations for not double-billeting Lozowski in D.C. 
were reasonable.

B. Lozowski's Alternative Grounds

 Lozowski contends principally that the judgment of the 
district court can be upheld on the alternative ground that the 
DGC arbitrarily and capriciously ignored the Coast Guard's 
having violated two of its own regulations in assigning her to 
the Thetis. Lozowski also presents a hodgepodge of other 
grievances, none of which has any merit.

 1. Consideration of gender
 
 Lozowski argues that in making the relevant assignments 
the Coast Guard violated Article 1-B-3 of the Military Civil 

Rights Manual (MCRM), which prohibits "discrimination on 
the basis of ... sex." She contends that Gray assigned her 
to the Thetis because the Commanding Officer (CO) of the 
Thetis wanted a female CWO and because Gray felt he had to 
assign one. Lozowski implies that the Coast Guard wanted 
her to serve as a "role model, mentor or leader" for women 
on the Thetis.

 In response, the Secretary correctly notes that Lozowski 
failed to raise before the Board the argument that she was 
assigned to the Thetis because that ship's CO wanted a 
woman assigned. Indeed, in her brief to the Board Lozowski 
never even mentioned the provision of the MCRM upon which 
she now relies. Rather, Lozowski argued principally that her 
assignment "disregarded the normal process of working down 
the [CWO] promotion list." The closest she came to her 
present argument was to claim that the Coast Guard disre-
garded Article 4.A.7.a.3 of its Personnel Manual, which says 
"women will not be arbitrarily denied an assignment solely 
because of lack of a second woman." Specifically, Lozowski 
argued that the Coast Guard had violated this provision by 
assigning her to the Thetis in order to "provide a companion 
for the new proposed female ensign," an argument Lozowski 
has since abandoned.

 Absent exceptional circumstances, Lozowski cannot rely in 
court upon an argument not made to the Board. See Flynn 
v. Commissioner of Internal Revenue Service, 269 F.3d 1064, 
1068-69 (D.C. Cir. 2001), in which this court instanced the 
following types of exceptional circumstances: "cases involving 
uncertainty in the law; novel, important, and recurring ques-
tions of federal law; intervening change in the law; and 
extraordinary situations with the potential for miscarriages of 
justice." Id. at 1069. Because Lozowski's claim does not fall 
within any of these categories and she does not offer any 
other compelling reason for doing so, we decline to consider 
the argument she failed to present to the Board. In any 
event, it is difficult to see how the DGC could have acted 
arbitrarily or capriciously in failing to address an argument 
never presented to her.

 Lozowski also claims on appeal that the Coast Guard's 
"disparate treatment" of Rich and Cornejo on the one hand 
and of herself on the other violated the anti-discrimination 
provision of the MCRM. Again, however, Lozowski never 
raised the MCRM before the Board. Furthermore, this claim 
was rejected by the DGC because there was no evidence that 
any favoritism shown Rich and Cornejo was motivated by 
their gender. See DGC Dec. at 9. On appeal Lozowski 
points us to no such evidence that was overlooked by the 
DGC. Consequently, we cannot affirm the judgment of the 
district court on the ground that the assignment decision was 
contrary to Article 1-B-3 of the MCRM.

 2. Deviation from sequential appointment
 
 Lozowski argues that by failing to assign Cornejo to the 
Seneca the Coast Guard violated Article 1-D-9.a of its Per-
sonnel Manual, which states: "Candidates recommended for 
appointment are listed by the selection board in order of their 
final scores on eligibility lists. The eligibility lists establish 
the precedence of candidates in each specialty." In response, 
the Secretary argues that the regulation requires only that 
candidates be promoted in rank order, not that each be 
"appointed to the specific vacancy that opened the door for 
his or her promotion," which would not necessarily serve the 
needs of the service. Thus the Coast Guard could assign 
Cornejo to Alaska rather than to the Seneca as long as it did 
not promote him out of order, that is, after Lozowski.

 We conclude the DGC reasonably determined that the 
Coast Guard did not violate any regulation by assigning 
Cornejo to Alaska and not to the Seneca. See DGC Dec. at 5. 
Article 1-D-9.a of the Personnel Manual and the Declarations 
of CWOs Prohaska and Gray all support the Secretary's 
position that the Coast Guard could permissibly assign Corne-
jo to Alaska as long as he was not promoted after Lozowski, 
and the declarations support the Secretary's assertion that in 
fact Cornejo was not promoted after Lozowski.

 3. Other grievances
 
 Lozowski presents a list of miscellaneous grievances, none 
of which has merit. First, she argues that it was unfair to 

assign her to the Thetis on the ground that she had not 
previously had sea duty. There is no evidence, however, that 
this is why the Coast Guard assigned her to the Thetis. 
Nowhere did Gray give that as a reason and the DGC merely 
observed that it was not unreasonable to assign her to the 
Thetis because, among other things, she had not previously 
had sea duty. See DGC Dec. at 8.

 Second, Lozowski argues that her storekeeper background 
and Cornejo's food service background were used as a pretext 
for not assigning Cornejo to the Seneca. For evidence of this 
she points to the eventual assignment to the Seneca of CWO 
Smith (who had a food service background). As the Secre-
tary explains, however, having a storekeeper background was 
a preference for assignment to the Seneca, not a requirement.

 Third, Lozowski argues that it was unfair for the DGC to 
fault her for not seeking special consideration in light of her 
desire to be near her disabled mother in Boston when Rich, 
the CWO on the Thetis, was not required to apply for special 
consideration in order to express his preference for transfer-
ring to New England to be near his family. As the Secretary 
points out, Rich, unlike Lozowski, made his preferences 
known to Gray before, not after, the assignment decision was 
made.

 Fourth, Lozowski argues that she should have been as-
signed to a CWO position at the Telecommunication and 
Information Systems Command where she was already work-
ing. The Secretary contends that this position opened up and 
was filled several months before Lozowski was eligible for 
promotion. That the opening in D.C. came available and was 
filled before Lozowski was eligible for promotion finds sup-
port in Declarations of CWOs Lineberry and Doster.

 Fifth, Lozowski complains that her assignment to the The-
tis was irregular in that the vacancy on the Thetis existed 
only because Rich was going to be transferred to the Seneca. 
Lozowski fails to point to any legal error or injustice in this 
arrangement, however; the DGC's conclusion that new vacan-
cies need not be filled with new CWOs from the promotion 

list, DGC Dec. at 5, finds support in the Declarations of 
CWOs Prohaska and Gray.

 Finally, Lozowski argues that events subsequent to her 
declining the assignment -- Rich stayed on the Thetis, no 
female CWO or ensign was assigned to the Thetis, and a 
CWO with food service background was sent to the Seneca -- 
show that her and the related assignments did not further the 
needs of the service. On the contrary, that Rich did not go to 
the Seneca tends to show that the arrangement was not 
designed to do him a favor; that no woman was assigned to 
the Thetis casts doubt upon the idea that the CO of the 
Thetis demanded a woman; that the ensign was not assigned 
to the Thetis suggests, if anything, that the ensign was to be 
Lozowski's companion, not vice versa; and that Smith was 
assigned to the Seneca, as already discussed, signifies noth-
ing.

 III. Conclusion

 The DGC's decision that the Coast Guard's assignment of 
Lozowski to the Thetis was neither erroneous nor unjust 
withstands the deferential review we must give it. The 
judgment of the district court is, therefore,

 Reversed.